TATE, Justice
(concurring).
I concur in the denial of the application, as I signed the original opinion, with grave misgivings.
In denying a motion for a directed verdict (a procedural device which this court has invalidated), the trial judge noted that “there is nothing in the record which would support a conviction for indecent behaviour” as charged. Tr. 192. I personally feel that, could we review the evidence, we might well reach the same conclusion.
Discarding all of the testimony irrelevant to the actual offense charged, the relator was essentially convicted of kissing a boy on November 4th. The evidence of her previous alleged sexual connection with the boy, ostensibly introduced to prove lascivious intent to kiss, is in some large part disproved by admitted inaccuracies in the testimony of the prosecuting witness, a juvenile delinquent repeatedly committed to a detention home.
There is much in the record to suggest that the defendant was convicted because of technically relevant but grossly over-emphasized and prejudicial argument and testimony concerning “glue sniffing” by this juvenile delinquent.
The jury most probably convicted this lady, not of the offense charged, but simply because she had bought glue for the delinquent (she says, innocently). If this were the offense charged, the jury could *897 reasonably determine her guilty of such act as contributing to a minor’s delinquency.
We, as a reviewing court, cannot reverse this conviction of a sexual delinquency on the date charged, although, in my view, no evidence supports it. With regret, I concur in rather than dissent from the denial of rehearing, because our procedure does not admit of correction of an unfounded conviction under the circumstances here represented.